# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,<br><br>        Plaintiff,<br><br> vs.<br><br>ROBERT WARMAN,<br><br>        Defendant. | CASE NO. 10CV2453-LAB (WVG)<br><br>**ORDER RE: ENTRY OF DEFAULT;**<br><br>**AND ORDER RE: DISMISSAL** |

  Plaintiff Stephen Donell requested the Clerk to enter a default against the Defendant Robert Warman for failing to respond or appear. Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Clerk then entered a default against Warman.

  Donell claimed that Warman was served with process as provided by Cal. Civ. Proc. Code § 415.40. See Fed. R. Civ. P. 4(e) (permitting service as provided under state law). Donell further stated that service was made by certified mail, which is permitted under § 415.40. *Pathak v. Omaha Steaks Int'l, Inc.*, 2011 WL 1152656 at *1 (C.D.Cal., March 28, 2011); *Standard Microsystems Corp. v. Winbond Electronics Corp.*, 179 Cal.App.4th 868, 897 (2009). Under § 415.40, however, proof of service must include "evidence satisfactory

1 to the court establishing actual delivery to the person to be served, by a signed return receipt
2 or other evidence." Donell did not provide a signed return receipt or any other evidence to
3 establish proof of service, but merely provided the Court with a copy of the summons, and
4 a statement that it and the complaint were sent by certified mail to Warman.

5 Rule 4(e) also permits service in accordance with the state law where service is made,
6 in this case Michigan. But under Michigan's service of process rule 2.105, service by certified
7 mail is appropriate, return receipt requested, and "[a] copy of the return receipt signed by the
8 defendant must be attached to proof showing service under subrule (A)(2)." Donell fares no
9 better under this provision.

10 Because Donell failed to provide adequate proof of service, the entry of default is
11 **VACATED**.

12 On June 7, the Court ordered Donell to show cause why this action should not be
13 dismissed for failure to serve or for failure to prosecute. Donell filed a response asserting
14 Defendant had been served, and he is now prepared to prosecute this action. In view of the
15 vacatur of the entry of default, it is unclear whether Donell will prosecute this action as
16 promised. Donell is therefore **ORDERED** to file adequate proof of service no later than
17 **Wednesday, July 13, 2011**, and then to renew his request for entry of default. If he does
18 not do so, this action will be dismissed for failure to serve and for failure to prosecute.

19 **IT IS SO ORDERED.**

21 DATED: July 1, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

United States District Judge